UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————X

THE NEW YORK TIMES COMPANY          :
and JEREMY MERRILL,
                                     :
             Plaintiffs,
                                     :
                                              **COMPLAINT**
    - against -                      :

U.S. SECRET SERVICE,                 :

             Defendant.              :

                                     :
——————————————————————————X

Plaintiffs THE NEW YORK TIMES COMPANY and JEREMY MERRILL, by their undersigned attorney, allege for their Complaint:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to obtain an order for the production of agency records from Defendant in response to three FOIA requests properly made by Plaintiffs.

2. During the 2016 presidential campaign, Defendant United States Secret Service ("Secret Service" or "USSS") assigned protective security details to both major-party presidential candidates, Democratic Party candidate Hillary Clinton and Republican Party candidate Donald Trump.

3. In that capacity, Secret Service agents accompanied both candidates on charter flights around the country.

4. The Secret Service agreed to reimburse the operators of the candidates' aircraft for the seats taken by its agents.

1

#61418v1

5. To secure reimbursement, the aircraft operators periodically submitted billing invoices to the Secret Service, which then logged proof of payment in an agency accounting system.

6. The three FOIA requests at issue in this action, which sought records related to this billing process, were filed by Plaintiffs in May 2016, January 2017, and February 2017.

7. The Secret Service produced records responsive to the May 2016 request in January 2017. In February 2017, Plaintiffs lodged an administrative appeal, challenging the Secret Service's decision to redact portions of the responsive records. The Secret Service has failed to respond to the appeal in 20 business days, as required under FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(ii).

8. In addition, the Secret Service has failed to respond to the January 2017 and February 2017 requests in 20 business days, as also required under FOIA. *See id.* § 552(a)(6)(A)(i).

## PARTIES

9. Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com. The New York Times Company is headquartered in this judicial district at 620 Eighth Avenue, in Manhattan.

10. Plaintiff Jeremy Merrill is a reporter for *The New York Times* and an employee of The New York Times Company.

11. Defendant Secret Service, a component of the Department of Homeland Security, is an agency of the federal government that has possession and control of the records that Plaintiffs seek.

#61418v1

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

13. Venue is premised on the place of business of Plaintiffs and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

14. Plaintiffs have exhausted all administrative remedies available with respect to the three FOIA requests at issue in this action. First, the Secret Service has failed to resolve Plaintiffs' appeal of its response to one of their requests within the time frame set by FOIA. Second, the Secret Service has failed to make an initial determination with respect to Plaintiffs' two other requests within the timeframe set by FOIA. Plaintiffs therefore are deemed to have exhausted all administrative remedies, pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTS

15. The billing and payment information sought by Plaintiffs relates to Plaintiffs' ongoing reporting on the monetary costs the 2016 presidential election imposed on the public fisc.

16. Both major-party candidates traveled extensively by chartered aircraft during the presidential campaign.

17. Because of the Secret Service details assigned to each candidate, that travel came at the expense of federal taxpayer dollars and arguably constituted a windfall for organizations connected to the candidates.

18. The campaigns received a dual benefit. They received the benefit of Secret Service protection, and they also received the benefit of airfare for each agent onboard.

19. Yet, it is not clear whether the price paid for each agent's seat was defensible: Unlike a commercial carrier, the campaign would not have sold the agent's seat to another person if the agent were not on the aircraft.

20. In keeping with the purpose of FOIA—to subject the federal agency action to public oversight—the public has a substantial interest in understanding how its tax dollars were spent during the campaign and in evaluating whether the extent of the expenditure was justified.

### *The First Trump Request*

21. On May 12, 2016, Plaintiffs submitted a FOIA request to the Secret Service, seeking "any and all documents, including invoices or bills, related to payments for or costs of air transportation of USSS personnel who were engaged in activities related to the presidential campaign of Donald Trump." (the "First Trump Request")

22. The Secret Service issued a response on January 27, 2017.

23. As part of its response, it produced two categories of responsive records.

24. The first category consisted of billing invoices sent to the Secret Service by "Donald J. Trump Charter Air Billing" for flights between November 12, 2015, and May 29, 2016.

25. Each invoice included a spreadsheet eight columns wide. In each invoice, as produced to Plaintiffs, the Secret Service redacted four of the columns in full: the columns labeled (1) "Total Passengers to include USSS"; (2) "Total USSS Passengers"; (3) "Cost Per Passenger"; and (4) "Total USSS Cost For Leg."

26. The Secret Service contended that these columns were exempt from disclosure under FOIA Exemption 7(E).

#61418v1

27. Exemption 7(E) permits agencies to withhold records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).

28. The Secret Service also redacted other portions of each invoice, subject to other exemptions, which Plaintiffs do not challenge.

29. The second category of responsive records consisted of electronic forms demonstrating proof that the Secret Service paid the invoices. The earliest form was logged on January 6, 2016, and the most recent was logged on July 14, 2016. The Secret Service redacted portions of these forms. Plaintiffs do not challenge these redactions.

30. On February 2, 2017, Plaintiffs appealed the Secret Service's decision to redact four columns from each invoice on the basis of Exemption 7(E).

31. The Secret Service has failed to resolve Plaintiffs' appeal of its response to the First Trump Request within 20 business days, as required under FOIA.

### *The Second Trump Request*

32. On January 30, 2017, Plaintiffs submitted another FOIA request to the Secret Service, this one seeking "Donald J. Trump Charter Air Billing invoices, and their corresponding proof of payment, for any flight dates between May 30 2016 and January 20 2016." (the "Second Trump Request").

33. The Secret Service has failed to issue a response to the Second Trump Request within 20 business days, as required under FOIA.

5

#61418v1

### *The Clinton Request*

34. On February 14, 2017, Plaintiffs submitted a third FOIA request to the Secret Service, seeking "Hillary Clinton Charter Air Billing invoices, and their corresponding proof of payment, for any flights dates after 2014." (the "Clinton Request").

35. The Secret Service acknowledged receipt of the Clinton Request on February 27, 2017.

36. The Secret Service has failed to issue a response to the Clinton Request within 20 business days, as required under FOIA.

## COUNT I

37. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

38. Defendant Secret Service is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

39. The Secret Service failed to act on Plaintiffs' appeal of its response to the First Trump Request within the 20 business days required by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(ii). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

40. The Secret Service has no lawful basis for its redaction of the four columns in each of the invoices produced in response to the First Trump Request.

41. Accordingly, Plaintiffs are entitled to an order compelling the Secret Service to produce new copies of the invoices without any of the columns redacted.

## **COUNT II**

42. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

43. The Secret Service failed to act on the Second Trump Request within the 20 business days required by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

44. The Secret Service has no lawful basis for withholding records responsive to the Second Trump Request.

45. Accordingly, Plaintiffs are entitled to an order compelling the Secret Service to produce records responsive to the Second Trump Request.

## **COUNT III**

46. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

47. The Secret Service failed to act on the Clinton Request within the 20 business days required by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

48. The Secret Service has no lawful basis for withholding records responsive to the Clinton Request.

49. Accordingly, Plaintiffs are entitled to an order compelling the Secret Service to produce records responsive to the Clinton Request.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

50. Declare that the four redacted columns in each of the invoices produced in response to the First Trump Request and records responsive to the Second Trump Request and the Clinton Request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

51. Order the Secret Service to provide unredacted copies of each invoice produced in response to the First Trump Request to Plaintiffs within 20 business days of the Court's order, and further to provide records responsive to the Second Trump Request and the Clinton Request to Plaintiffs, also within 20 business days of the Court's order;

52. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

53. Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: New York, NY
March 15, 2017

_____/s/_____
David E. McCraw, Esq.
Legal Department
The New York Times Company
620 8th Avenue, 18th Floor
New York, NY 10018
phone: (212) 556-4031
fax: (212) 556-1009
e-mail: mccrad@nytimes.com
*Counsel for Plaintiffs*