

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

May 30, 2017

**VIA ECF**
The Honorable Paul A. Crotty
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *N.Y. Times Co. v. U.S. Secret Service*, 17 Civ. 01885 (PAC)

Dear Judge Crotty:

    The parties to the above-referenced Freedom of Information Act ("FOIA") litigation submit this letter in advance of the pre-trial conference scheduled for **June 1, 2017 at 4:00 p.m.** Counsel for defendant United States Secret Service ("USSS" or the "Government") have conferred with counsel for plaintiffs The New York Times Company and Jeremy Merrill (together, "Plaintiffs"), who join in this letter.

    Because this is an action brought under FOIA, which is in essence a review of an agency action, the parties understand Local Civil Rule 16.1 to exempt them from the requirement of a mandatory scheduling order contained in Fed. R. Civ. P. 16(b). Accordingly, the parties respectfully request to be relieved of the obligation to submit a proposed Civil Case Management Plan pursuant to Fed. R. Civ. P. 26(f) and Your Honor's Individual Practices in advance of the initial conference. Furthermore, the parties agree that the issues typically covered by civil case scheduling orders are not logically applicable here because the parties expect that this case, like most FOIA cases, will be resolved through settlement or on cross-motions for summary judgment. *See Wood v. F.B.I.*, 432 F.3d 78, 85 (2d Cir. 2005) ("'[D]iscovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face,' and a district court may forgo discovery and award summary judgment on the basis of submitted affidavits or declarations." (citation omitted)). The parties instead request approval of the briefing schedule set forth on page 3 of this letter.

    Pursuant to the Court's May 5 Order and Individual Rule 6(G), this letter addresses in separate paragraphs: (1) the parties' contact information; (2) a brief description of the case, including the factual and legal bases for the claims and defenses; (3) a brief statement regarding subject matter jurisdiction; (4) a brief summary of the claims at issue; (5) any contemplated motions; (6) a brief statement regarding trial; and (7) whether the parties consent to trial before a magistrate judge.

1. **Contact information**

    a. **Counsel for Plaintiffs**

    David McCraw, Esq.
    Ian MacDougall, Esq.
    The New York Times Company
    620 8th Avenue, 18th Floor
    New York, NY 10018
    Email: mccraw@nytimes.com
    ian.macdougall@nytimes.com
    Tel.:  212-556-4031
    212-556-8009
    Fax:  212-556-1009

    b. **Counsel for Defendant**
    JOON H. KIM
    Acting United States Attorney
    United States Attorney's Office
    Natasha W. Teleanu, AUSA
    86 Chambers Street, Third Floor
    New York, New York 10007
    Tel.: 212-637-2528
    Fax: 212-637-2686

2. **A brief description of the case, including claims and defenses**

    This is an action under FOIA, in which Plaintiffs seek the release of redacted records relating to billing and payment information regarding the cost of USSS personnel who accompanied the 2016 presidential candidates on air transportation during their 2016 campaigns. *See generally* Compl. (Dkt. No. 1). Specifically, Plaintiffs seek redacted information produced in response to FOIA requests for each of the two 2016 presidential candidates. *See id.*

    The Government asserts that the redacted information sought is exempt from disclosure under 5 U.S.C. § 552(b). *See* Answer at 8. The Government asserts that the Court lacks subject matter jurisdiction over any requests for relief that exceed the relief authorized under FOIA. *See id.*

    USSS is withholding the redacted information on the basis of FOIA exemption (7)(E), which exempts "records or information compiled for law enforcement purposes," the release of which "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).

3. **A brief statement regarding subject matter jurisdiction**

    The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

4. **A brief summary of the claims at issue**

**Plaintiffs' Summary.** Exemption 7(E) does not shield the information redacted from the billing records at issue in this case for at least three reasons. *First*, the billing records were not compiled for law-enforcement purposes. *Second*, the USSS wishes to withhold billing information from which one could infer information about historical USSS staffing on flights during a now-complete presidential campaign. The information reveals nothing about present staffing decisions, such as staffing figures for the USSS presidential detail. Nor does it reveal anything about staffing decisions outside of the context of the 2016 campaign. Courts have held that historical staffing data do not constitute a technique, procedure, or guideline within the meaning of Exemption 7(E) and that, to the extent they could be considered a guideline, their disclosure does not reasonably risk circumvention of law. *Third*, Exemption 7(E) applies to techniques, procedures, and guidelines "for law enforcement investigations or prosecutions." Courts have held that information related to exclusively protective measures falls outside the ambit of Exemption 7(E).

**Defendant's Summary.** USSS is a criminal law enforcement and security agency. *See* 18 U.S.C. § 3056. The redacted information was compiled in connection with USSS's protective mission. If the withheld records were disclosed, it would reveal the methods of USSS's protective work, and could benefit those attempting to harm USSS protectees by informing them of protective measures in place to protect the President, Vice-President, and other protectees. USSS must protect from disclosure information that reveals its protective methodology, including the records sought by Plaintiffs here. Accordingly, the information was properly withheld under FOIA Exemption 7(E).

5. **Contemplated motions**

As discussed above, the parties dispute that the information redacted by USSS was properly withheld. USSS intends to file a motion for summary judgment to justify its withholdings, and Plaintiffs intend to file a cross-motion challenging the basis for USSS's withholdings. The parties respectfully request that this submission be treated as a letter seeking a pre-motion conference regarding cross-motions for summary judgment regarding the redactions at issue. If the Court prefers to set a briefing schedule in lieu of a conference, the parties propose the following schedule: (1) the Government files its motion for summary judgment on or before June 30, 2017; (2) Plaintiffs file their opposition brief and cross-motion for summary judgment on or before July 28, 2017; (3) the Government files its opposition to Plaintiff's summary judgment motion and its reply brief on or before August 11, 2017; and (4) Plaintiffs file their reply brief on or before August 25, 2017.

6. **A brief statement regarding trial**

The parties anticipate that this case, like most FOIA cases, will be resolved through cross-motions for summary judgment. *See Wood*, 432 F.3d at 85.

7. **Whether the parties consent to trial before a magistrate judge**

The parties do not consent to trial before a magistrate judge.

We thank the Court for its consideration of this letter. We are prepared to discuss these matters with the Court on June 1, 2017, during the initial conference. In the alternative, we respectfully request that the Court adjourn the initial conference and permit the parties to proceed

with filing cross-motions for summary judgment pursuant to the agreed-upon schedule described above.

                              Respectfully submitted,

                              JOON H. KIM
                              Acting United States Attorney

By:   */s/ Natasha W. Teleanu*
       NATASHA W. TELEANU
       Assistant United States Attorneys
       86 Chambers Street, Third Floor
       New York, New York 10007
       Tel.: (212) 637-2528
       Fax: (212) 637-2686
       E-mail:  natasha.teleanu@usdoj.gov

cc:   **via ECF**
     David McCraw, Esq.
     Ian MacDougall, Esq.